**UNITED STATES, Appellee,**

v.

**Robert C. COTE, Master Sergeant,
U.S. Air Force, Appellant.**

No. 63,207.
ACM 27487.

U.S. Court of Military Appeals.

Submitted Dec. 19, 1991.

Decided June 17, 1992.

For Appellant: *Ronald P. Keller.*

For Appellee: *Lieutenant Colonel Brenda J. Hollis, Major Morris D. Davis, Captain David C. Wesley.*

PER CURIAM:

In this case we granted appellant's petition to determine if the evidence was legally sufficient to sustain his convictions for committing indecent acts upon two fellow enlisted members, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. Upon consideration of the entire record and the pleadings filed by the parties, we conclude that the evidence was legally sufficient. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, 61 L.Ed.2d 560 (1979).

Appellant was charged with committing indecent acts upon two junior enlisted members of his same sex by grabbing and feeling the buttocks of one and the genitals of each. Paragraph 90b, Part IV, Manual for Courts–Martial, United States, 1984, sets forth the following elements of proof for the offense of committing indecent acts with another:

(1) That the accused committed a certain wrongful act with a certain person;

(2) That the act was indecent; and

(3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

The *sine qua non* of offenses founded upon clause one of the general article, Article 134, is that the particular conduct is "to the prejudice of good order and discipline." Para. 60c, Part IV, Manual, *supra.* *See Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). In this case, the record establishes that the indecent acts charged were strongly rebuked by the victims, who were subordinates of appellant. They occurred in the context of earlier acts of sodomy with one of the junior airmen during periods of temporary duty and under circumstances where appellant, a master sergeant, used his rank and position to

induce the young airmen into engaging in acts of sodomy. Given the nature of the acts involved; the time, place, and circumstances; and the professional and military relationship between the parties, we conclude that the Government clearly met its burden of proof in the instant case.

The decision of the United States Air Force Court of Military Review is affirmed.